LEONARD *v.* NEW ENGLAND MORTGAGE SECURITY CO. *et al.*

FISH, J.   1. An equitable petition will lie at the instance of a judgment creditor of the true owner of land, to enjoin the sale thereof under an execution in favor of a non-resident corporation having no place of business in this State, against a third person apparently clothed with the legal title under a deed from such true owner; the petition in effect alleging that this deed was in fact fraudulent and void, and that though the non-resident execution creditor seeking to bring the land to sale as the property of the grantee in that deed had, at the time of the creation of the debt upon which its execution was founded, taken title derived from such grantee as security therefor, it did so with knowledge of facts sufficient to put a prudent person upon inquiry as to the true character of such deed, these facts being set forth, and the petition praying for the cancellation of that deed as a cloud upon the title of the plaintiff's debtor.
2. The court erred in dismissing, on demurrer, an equitable petition of the nature above indicated.   *Judgment reversed.   All the Justices concurring.*

Argued June 16, — Decided July 28, 1897.

Equitable petition.   Before Judge Felton.   Houston superior court.   October term, 1896.

To the petition of Leonard, survivor of Lewis, Leonard & Co., the New England Mortgage Security Co., one of the defendants thereto, demurred.   The demurrer was sustained, and plaintiff excepted.

The petition alleges, that on November 12, 1889, A. A. Smith as administrator of R. M. Hodge recovered a judgment in Macon superior court against George R. Briggs and Mrs. A. E. Briggs, then of Macon, now of Coffee county, and S. S. Taylor and T. C. Taylor, then of Dooly, now of Pulaski county, as indorsers, for $300 principal, $99.20 interest, $39.92 attorney's fees, and $21.95 costs, upon which judgment execution issued on March 22, 1890, and was entered on the execution-

docket of Macon county. Mrs. Briggs was then the owner of 477 acres of land in Houston county (described), and after the execution issued, for the purpose of hindering, delaying and defrauding her creditors, and especially for the purpose of hindering and delaying said judgment, she sent a deed purporting to be made by her on August 6, 1889, to said land, to her brother W. E. Taylor of Houston county, with instruction that if said execution should be levied, he must claim said land under this deed. He did not in fact bargain or contract to buy the land, nor did he pay one dollar therefor, nor did he enter possession; but the land was at that time in possession of Mrs. Briggs's tenants, and has since so remained. At the time of the delivery of said deed, it was void for want of consideration and for the fraudulent purpose of making it, and it was not attested by any witness. Briggs and wife removed to Alabama, and about April 1, 1891, he returned on a visit to Houston county, and procured W. A. Berner and S. S. Taylor to sign their names as attesting witnesses to said deed, Mrs. Briggs not being present nor in this State, and said witnesses attesting merely on the ground that they were familiar with her signature; and on April 1, 1891, this deed was recorded in Houston county. Briggs then induced W. E. Taylor to negotiate a loan to Brewster, a non-resident of the State, and on April 14, 1891, he made to Brewster a defeasible deed to said land to secure a note for money, which deed was recorded on April 29, 1891. Brewster then made his quitclaim deed to the New England Mortgage Security Co., which recited that it was conditioned that if W. E. Taylor should pay a note made by him to Brewster, the company should reconvey the land to Taylor. At the April term, 1893, the company obtained a judgment against W. E. Taylor for $1,200, interest and attorney's fees, and execution issued thereon. On July 23, 1894, Smith, administrator of Hodge, duly transferred and assigned to petitioner the judgment and execution he held, which was levied, September 3, 1895, upon said land, and in the levy and advertisement of sale the execution was alleged to be the property of petitioner. On September 28, 1895, the mortgage company presented a petition in which the sheriff alone was made

a defendant, praying that the execution held by petitioner be enjoined, setting up that if petitioner should sell the land, the purchaser would claim the land and prevent the mortgage company from selling it at December sales, they having agreed with W. E. Taylor and A. E. Briggs to make a sale at that time.   A restraining order was duly granted, requiring the sheriff to show cause on October 8, why an injunction should not be granted.   He acknowledged service, but made no defence and did not notify petitioner so that he could defend. The company, having thus secured an injunction, intends to sell the property under its fi. fa. on the first Tuesday in December, 1895.   If said scheme is allowed, petitioner will be much hampered, delayed and defrauded.   The Taylors are all insolvent; the Briggses are insolvent, and have no property on which a levy may be made except said land; and Brewster and the company are non-residents, the latter having no place of business in this State.   The facts alleged were communicated to it and to Brewster prior to their making the loan to Taylor. The prayer is, for setting aside the restraining order and injunction against petitioner, and allowing his execution to proceed; that the mortgage company and the sheriff be enjoined from selling under its execution until its rights may be determined; that the deed from A. E. Briggs to W. E. Taylor be set aside and declared void, and the land be decreed to be first subject to the execution held by petitioner.

The grounds of demurrer are, that the petition sets out no cause of action and is without equity; that it does not appear that defendant took its deed with notice of the fraudulent transfer to W. E. Taylor; and that on the facts the defendant's lien is superior to that of petitioner, because his fi. fa. was not levied within four years after the date the deed from Taylor to Brewster was recorded, nor within four years after it was executed, and because said fi. fa. was not entered upon the general execution-docket of Houston county, and was not entered on the general execution-docket of Macon county prior to the deeds to the parties respondent.

*Hardeman, Davis & Turner*, for plaintiff.
*Anderson, Felder & Davis*, for defendants.